■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GLUCKOWSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 21, 1989, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements and physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted of manslaughter in the second degree after a jury trial at which proof was adduced establishing that he had stabbed his girlfriend to death in his basement apartment. Upon being subsequently questioned by an Assistant District Attorney, the defendant provided a videotaped statement in which he admitted punching and then stabbing his girlfriend after the two had argued earlier that evening. On appeal, the defendant contends, among other things, that the hearing court improperly permitted the prosecutor to use his pre-arrest silence as part of the People's direct case. Specifically, the record reveals that prior to the defendant's arrest, and while he was still in his apartment, the defendant's mother stated to a police officer in the defendant's presence that, "[m]y son Michael, killed her", to which the defendant offered no response.

It is well established that a defendant has the constitutional right to remain silent at the time of his arrest (NY Const, art I, § 6; US Const 5th Amend), and his silence at or after his arrest cannot be used by the People as part of their direct case *(see, People v De George,* 73 NY2d 614, 620; *People v Rothschild,* 35 NY2d 355, 359). In *People v De George (supra),* decided subsequent to the hearing court's determination, the Court of Appeals further determined that the use of a defendant's pre-arrest silence for impeachment purposes or as direct evidence of guilt, is violative of this State's common-law rules of evidence *(People v De George, supra,* at 618-619). Accordingly, and contrary to the People's contentions, the defendant's pre-arrest silence was improperly admitted as part of the People's direct case. We find, however, that the foregoing evidentiary error was harmless beyond a reasonable doubt in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 237; *Chapman v California,* 386 US 18, 24).

The defendant's additional contention that the hearing court should have suppressed his videotaped confession as prompted by the display of two illegally seized knives found in his bedroom, is without merit. Upon our review of the record, we are satisfied that the hearing court properly determined that the defendant was fully apprised of his *Miranda* rights and that his videotaped confession was voluntary. The hearing court's finding that the defendant's videotaped statements were sufficiently attenuated from the illegal seizure of the knives and were the result of the defendant's "internal recollection of the incident and his voluntary recounting of his conduct", is likewise fully supported by the record and will

not be disturbed on appeal *(People v Rogers,* 52 NY2d 527, 532-533, *cert denied* 454 US 898; *Brown v Illinois,* 422 US 590, 603-604; *Wong Sun v United States,* 371 US 471). Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.