**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David Joseph DINICOLA, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 20, 2001.

Filed April 17, 2002.

Paula C. DiGiacomo, Assistant District Attorney, Meadville, for Commonwealth, appellant.

J. Wesley Rowden, Meadville, for appellee.

Before DEL SOLE, P.J., CAVANAUGH, JOHNSON, HUDOCK, JOYCE, STEVENS, MUSMANNO, ORIE MELVIN, and LALLY–GREEN, JJ.

JOHNSON, J.

¶ 1 The Commonwealth appeals from the Honorable Gordon R. Miller's order granting David Joseph DiNicola a new trial based on the ineffectiveness of DiNicola's trial counsel (Trial Counsel). DiNicola had alleged that Trial Counsel was ineffective for not objecting to questioning by the Commonwealth that revealed DiNicola's pre-arrest silence.

■ ¶ 2 This is the second time this case has been before this Court. In April 2000, in an opinion written by the late Judge Vincent A. Cirillo, this Court determined that DiNicola had satisfied two of the three elements necessary to establish ineffectiveness of counsel. This Court held that DiNicola's claim had arguable merit and that the ineffectiveness substantially prejudiced the defendant. We remanded to the trial court on the issue of whether Trial Counsel had "any reasonable basis designed to effectuate his client's interest when he did not object to the prosecutor's line of questioning." *Commonwealth v. DiNicola*, 751 A.2d 197, 202 (Pa.Super.2000) ("*DiNicola I* "). This Court's decision to remand in *DiNicola I* was based in part on the erroneous finding that DiNicola did not testify at the original trial and therefore, had not waived his Fifth Amendment right to remain silent. The record establishes that DiNicola did testify at trial. We conclude, however, that this Court's misapprehension of the record does not invalidate the trial court's conclusion that Trial Counsel rendered ineffective counsel. Upon review of both the record and the applicable law, we conclude that, regardless of whether DiNicola testified, Trial Counsel should have objected to the Commonwealth's question that elicited testimony on his pre-arrest silence. Accordingly, we conclude that DiNicola's claim of ineffectiveness of counsel has arguable merit and that the failure to object was substantially prejudicial. As such, our original order to the trial court remains valid despite the prior panel's misapprehension of the record. For the following reasons, we conclude that Trial Counsel did not have a reasonable basis for not objecting to the prosecution's question, and therefore we affirm Judge Miller's order.

¶ 3 In March 1998, DiNicola was charged with Aggravated Indecent Assault of a person less than 16 years old, 18 Pa.C.S. § 3125(8), Indecent Assault of a person less than 16 years old, 18 Pa.C.S. § 3126(a)(8), Corruption of Minors, 18 Pa.C.S. § 6301(a), and Official Oppression, 18 Pa.C.S. § 5301(1). The charges arose from an incident that occurred in October 1997.

¶ 4 During a jury trial in November 1998, the Commonwealth called Trooper Michael Fetzner, the charging officer, as its final witness before resting its case. N.T. Portion of Proceedings at the Time for a Jury Trial, 11/18/98, at 7 [hereinafter N.T., 11/18/98]. Trial Counsel then called Trooper Fetzner as its first witness. In a sidebar discussion, Trial Counsel stated that he desired to call Trooper Fetzner for direct examination to question the adequacy of the trooper's investigation of the crime. N.T., 11/18/98, at 8–9. Trial Counsel posed the following question to Trooper Fetzner:

In fact, nothing here—nothing whatsoever was investigated that might be inconsistent with your theory that Dave DiNicola is guilty here; right? Was anything else investigated that might tend to show otherwise? Anything?

N.T., 11/18/98, at 29. The prosecution objected and during a sidebar discussion advised the court and Trial Counsel that the questioning would open the door to the trooper testifying that he called DiNicola and that DiNicola asked for an attorney and was advised to invoke his right to remain silent. N.T., 11/18/98, at 29. After the court overruled the objection, Trial Counsel questioned Trooper Fetzner as to whether the trooper looked "in any other direction to see if these charges are unfounded?" N.T., 11/18/98, at 31–32. The trooper, after asking Judge Miller if he could answer, responded that he called DiNicola. He was unable, however, to complete his answer regarding DiNicola's pre-arrest silence because Trial Counsel interrupted him. N.T., 11/18/98, at 32.

¶ 5 The prosecution then cross-examined the trooper. Trial Counsel did not object to the following question:

You were asked if you made any attempt to find evidence that would have proven him innocent or else exonerated the defendant and you said you made an attempt to talk to him.

What happened—describe to the jury what happened when you made that attempt. What happened?

N.T., 11/18/98, at 35. This question elicited a review of each step of the trooper's investigation including DiNicola's assertion of his desire to speak with counsel and Trial Counsel's advice to DiNicola to invoke his Fifth Amendment right to remain silent. N.T., 11/18/98, at 35–36. Immediately following Trooper Fetzner's testimony, DiNicola took the stand followed by a number of character witnesses who testi-

fied to DiNicola's reputation for truthfulness.

¶ 6 After deliberation, the jury returned guilty verdicts on all counts. The trial court sentenced DiNicola to eleven and one half to twenty-four months' imprisonment with a consecutive probationary tag of three years for the Aggravated Indecent Assault count, and included additional probationary periods for the Corruption of Minors count and the Official Oppression count. The trial court found that the Indecent Assault conviction merged into the conviction for Aggravated Indecent Assault and so imposed no sentence on that count. The court ordered the sentences to be served concurrently.

¶ 7 DiNicola filed a post-trial motion for new trial alleging ineffectiveness of counsel. After an evidentiary hearing, Judge Miller denied the motion, and DiNicola appealed to this Court. As previously mentioned, this Court held that DiNicola's ineffectiveness claim had arguable merit and that the error was prejudicial. We remanded for determination of whether Trial Counsel had a reasonable basis for not objecting to the question that elicited testimony regarding DiNicola's request for counsel and pre-arrest silence.

¶ 8 On remand, Judge Miller conducted a second evidentiary hearing at which Trial Counsel testified that his strategy for calling the trooper as a witness was to provide testimony regarding what the trooper did *not* do in the investigation and that he did not anticipate that the trooper would testify to DiNicola's request for an attorney. N.T. Evidentiary Hearing, 10/23/00, at 6, 14–16, 22. Trial Counsel further testified that he did not object to the Commonwealth asking essentially the same question because he did not want the jury to think that he was trying to cover up information. N.T. Evidentiary Hearing, 10/23/00, at 21–22, 28–29. Judge Mil-

ler then concluded that Trial Counsel did not have a reasonable basis for failing to object. Therefore, Judge Miller concluded that DiNicola was denied effective assistance of counsel and granted DiNicola a new trial. Trial Court Opinion, 11/8/00, at 5.

¶ 9 The Commonwealth presents the following issues for our review:

1. Whether the [trial] court erred when it granted [DiNicola] a new trial based on ineffective assistance of counsel when counsel opened the door and did not object to testimony concerning [DiNicola]'s pre-arrest silence and [DiNicola] testified at trial?

2. Whether the trial court erred when it ruled that [DiNicola] met his burden of proving trial counsel was ineffective in that he did not have a reasonable strategy designed to effectuate his client's interests when he did not object to a question by the assistant district attorney which elicited testimony regarding [DiNicola]'s pre-arrest silence and [DiNicola] testified at trial?

Brief for Appellant at 3.

■ ¶ 10 When a defendant claims that he or she has been denied effective assistance of counsel, we presume that counsel was effective unless proven otherwise by the defendant. *See Commonwealth v. Begley*, 566 Pa. 239, 780 A.2d 605, 630 (2001). To prove ineffective assistance of counsel, the defendant must show "(i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate the defendant's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually prejudiced the defendant...." *Id.* at 630. In determining whether counsel's decisions had a reasonable basis, we do not question whether a

more logical alternative course of action existed; rather, we examine only whether counsel's decisions had a reasonable basis designed to effectuate the defendant's interest. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987).

¶ 11 The Commonwealth's first issue invites us to review the ultimate issue of whether the trial court erred in concluding that DiNicola's trial counsel was ineffective, especially when considering that DiNicola testified in his own defense. Brief for Appellant at 11. In view of this Court's factual error in *DiNicola I*, we will review whether DiNicola met his burden of proving all three elements of his ineffectiveness of counsel claim. The Commonwealth's second issue is directed solely to the element of whether counsel had a reasonable basis for failing to object to the Commonwealth's question. As such, we will combine the two questions and discuss all three elements of DiNicola's ineffectiveness claim.

¶ 12 In *DiNicola I*, we held that "a defendant's pre-arrest silence may not be admitted into evidence when the defendant does not testify at his own trial." *DiNicola I*, 751 A.2d at 201. Therefore, we concluded that DiNicola's argument that his counsel was ineffective for not objecting to testimony regarding his pre-arrest silence had merit. *See id.* The Commonwealth contends that this conclusion was in error and directs our attention to *Commonwealth v. Bolus*, 545 Pa. 103, 680 A.2d 839 (1996).

■ ¶ 13 In *Bolus*, the Pennsylvania Supreme Court concluded as follows:

We find the reasoning of the United States Supreme Court's decision in *Jenkins v. Anderson*, [447 U.S. 231, 236, 100 S.Ct. 2124 (1980)], to be compelling, and hold that when a criminal defendant waives his right to remain silent and

testifies at his own trial, neither the United States nor the Pennsylvania Constitution prohibit a prosecutor from *impeaching* a defendant's credibility by referring to his pre-arrest silence.

*Bolus*, 680 A.2d at 844 (emphasis added). We find *Bolus* distinguishable from the case at hand and therefore, inapposite. Unlike the situation in *Bolus*, the reference to DiNicola's pre-arrest silence did not occur during the prosecutor's impeachment of DiNicola's credibility. Instead, the testimony regarding DiNicola's silence occurred without reference to DiNicola's credibility when the prosecutor cross-examined the trooper *prior* to DiNicola taking the stand. The United States Supreme Court in *Jenkins* held that reference to pre-arrest silence when cross-examining the defendant does not violate the Fifth Amendment right to remain silent because the defendant, like any other witness, has opened himself or herself to impeachment by taking the stand. *See Jenkins*, 447 U.S. at 238, 100 S.Ct. 2124. However, the Court limited the use of impeachment with pre-arrest silence as follows:

> Each jurisdiction may formulate its own rules of evidence to determine when prior silence is so inconsistent with present statements that impeachment by reference to such silence is probative. For example, this Court has exercised its supervisory powers over federal courts to hold that prior silence cannot be used for impeachment where silence is not probative of a defendant's credibility and where prejudice to the defendant might result.

*Jenkins v. Anderson*, 447 U.S. at 239, 100 S.Ct. 2124. We hold, based on the reasoning in *Bolus* and *Jenkins*, that reference to pre-arrest silence is not admissible unless, subject to an offer of proof, it is probative of the defendant's credibility and the de-

fendant will not be unduly prejudiced by its admission. In the present case, the prosecutor's reference to DiNicola's pre-arrest silence was not related to the defendant's credibility in any way but rather concerned whether the trooper conducted a proper investigation. We therefore conclude that DiNicola's ineffectiveness of counsel claim has arguable merit.

¶ 14 In its second issue, the Commonwealth contends that the trial court erred when it concluded that Trial Counsel did not have a reasonable basis for not objecting to the question which elicited reference to DiNicola's pre-arrest silence. Brief for Appellant at 12–18. The Commonwealth points to Trial Counsel's testimony at the evidentiary hearing as well as in sidebar discussions during trial that his purpose for asking the trooper questions regarding his investigation was to discredit the investigation. Brief for Appellant at 18. The Commonwealth argues that Trial Counsel employed a reasonable strategy by not objecting to a question that was very similar to his own previous question as he did not want the jury to feel that he was trying to cover up information. Brief for Appellant at 18.

¶ 15 The trial court concluded that Trial Counsel did not have a reasonable basis for not objecting to the prosecution's question. Trial Court Opinion, 11/8/00, at 5. The court stated, that at the evidentiary hearing, Trial Counsel testified that he did not expect his original question would reveal the pre-arrest silence and stated that "he had no reason" for not objecting to the prosecution's question and that "he should have objected earlier." Trial Court Opinion, 11/8/00, at 4–5. Judge Miller concluded, "Based upon the record in this case we have no difficulty concluding as a matter of fact that trial counsel did not have any reasonable basis designed to effectuate his client's interest when he failed to object to

a question by the Assistant District Attorney that brought up defendant's pre-arrest silence." Trial Court Opinion, 11/8/00, at 5.

¶ 16 We find the trial court's determination well supported by the record. Trial Counsel was warned during sidebar discussion that the trooper would likely testify regarding his conversations with DiNicola and DiNicola's attorney in response to questions about the trooper's investigation of the case. N.T., 11/18/98, at 29–30. The trooper even asked the judge if he could answer Trial Counsel's question. N.T., 11/18/98, at 32. Trial Counsel interrupted the trooper when he began to discuss the conversations but then did not object to the prosecution's question regarding "what happened when [he] made that attempt" to talk to DiNicola. N.T., 11/18/98, at 32, 35. Trial Counsel stated that he did not object to the question because he did not wish to seem like an "objectionist". N.T. Evidentiary Hearing, 10/23/00, at 21. However, he then objected to the very next question. N.T., 11/18/98 at 37. Counsel himself admitted that he should have objected earlier. N.T. Evidentiary Hearing, 10/23/00, at 30. Therefore, we conclude that Trial Counsel did not have a reasonable basis for not objecting to the prosecution's question that provided the trooper the opportunity to testify regarding DiNicola's pre-arrest silence.

¶ 17 The final element of an ineffectiveness of counsel claim is whether the defendant was prejudiced by the Trial Counsel's omission. The Commonwealth contends that DiNicola would have been convicted even without the contested testimony because of the testimony of the other witnesses. Brief for Appellant at 19. Additionally, the Commonwealth states that DiNicola "could have been cross-examined on his pre-arrest silence." Brief for Appellant at 19. The Commonwealth notes that this is a case of pre-arrest rather than post-arrest silence, reference to which the courts of Pennsylvania have deemed "innately prejudicial." Brief for Appellant at 12, citing *Commonwealth v. Clark*, 533 Pa. 579, 626 A.2d 154, 155 (1993).

¶ 18 This case was based solely on the jury's credibility determinations. When the Commonwealth referenced DiNicola's pre-arrest silence prior to DiNicola testifying, the Commonwealth removed an incentive for DiNicola to assert his right not to testify. As this Court previously concluded: "The prejudice resulting from reference to DiNicola's silence is substantial." *DiNicola I*, 751 A.2d at 202. Therefore, we conclude that Judge Miller did not err in concluding that Trial Counsel was ineffective for not objecting to the prosecution's question that referenced DiNicola's pre-arrest silence and desire to speak to his attorney. Therefore, we affirm the trial court's order granting DiNicola a new trial. Our present holding supercedes the holding in *DiNicola I*, which was based on an erroneous finding that DiNicola did not testify at trial.

¶ 19 Order **AFFIRMED.**

¶ 20 Judge STEVENS files a Dissenting Opinion.

Dissenting Opinion by STEVENS, J.

¶ 1 I conclude that trial counsel had a reasonable basis for questioning Trooper Fetzner about his investigation and for failing to object to the Commonwealth's cross-examination of Trooper Fetzner with regard thereto, which elicited comments about DiNicola's pre-arrest silence. As such, I respectfully dissent.

¶ 2 During the evidentiary hearing, trial counsel indicated that he asked Trooper Fetzner about his investigation because he wanted to expose the fact that Trooper

Fetzner believed the victim's testimony without any further investigation. N.T. 10/23/00 at 14–15, 23. That is, trial counsel wanted to expose that Trooper Fetzner talked to the victim, but to no other witnesses in deciding to charge DiNicola. N.T. 10/23/00 at 11, 15, 23. Trial counsel testified that, even after the sidebar, he was unsure as to what Trooper Fetzner would say and inferred that he believed the importance of exposing Trooper Fetzner's incomplete, biased investigation outweighed any potential prejudice relating to DiNicola's pre-arrest silence. N.T. 10/23/00 at 12. As such, I conclude that trial counsel had a reasonable basis for asking Trooper Fetzner about his investigation. *See Commonwealth v. Fletcher*, 561 Pa. 266, 750 A.2d 261 (2000) (holding that it is a reasonable trial strategy for counsel to attempt to discredit witness).

¶ 3 As for trial counsel's failure to object to the Commonwealth's questioning of Trooper Fetzner about the investigation, I conclude that trial counsel had a reasonable basis. Trial counsel indicated that he did not object because he had opened the door and did not want to look like he was hiding facts from the jury. N.T. 10/23/00 at 21.

¶ 4 Moreover, based on the trial transcript, it appears that trial counsel used DiNicola's pre-arrest silence in DiNicola's favor. Specifically, trial counsel sought to show that Trooper Fetzner arrested DiNicola solely upon the victim's statements and DiNicola's exercise of his right to remain silent. That is, Trooper Fetzner suspected DiNicola because he chose to remain silent. The following exchange occurred during trial:

TRIAL COUNSEL: Trooper, you were going to file these charges whether or not you believed the girl or not, wasn't that the whole thing?

TROOPER: That's not true.

TRIAL COUNSEL: Well, you didn't learn anything above and beyond what the girl had to say; right?

TROOPER: I attempted and there was corroborating evidence.

TRIAL COUNSEL: But this guy expressed his right to remain silent, that's why you went ahead and filed the charges, is that what I'm hearing?

TROOPER: That's not true.

N.T. 11/18/98 at 37–38. Based on this exchange, I conclude that trial counsel wished to use DiNicola's pre-arrest silence to provide the jury with a reason why Trooper Fetzner focused on DiNicola as the perpetrator and failed to gather any corroborating evidence.

¶ 5 Based on all of the aforementioned, I would find that trial counsel had a reasonable basis for his action and, therefore, he was not ineffective. *See Commonwealth v. Bess*, 789 A.2d 757 (Pa.Super.2002) (holding that a reasonable strategy is one designed to effectuate the client's interest). As such, I would affirm the judgment of sentence and respectfully dissent.