J. S64045/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW JONATHAN BROWN, JR., | : | |
| | : | |
| Appellant | : | No. 723 MDA 2015 |

Appeal from the PCRA Order April 6, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division No(s).: CP-38-CR-0002274-2007

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED OCTOBER 26, 2015**

Appellant, Andrew Jonathan Brown, Jr., appeals from the order entered in the Lebanon County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition as untimely after an evidentiary hearing. Appellant contends he exercised due diligence in obtaining documents that allegedly excuse the untimeliness of his petition and trial counsel was ineffective by not identifying inaccuracies in the pre-sentence report, which purportedly resulted in an improper sentence. We affirm.

We adopt the facts and procedural history set forth by the PCRA court. **See** PCRA Ct. Op., 4/6/15, at 2-7. We add that at the sentencing hearing,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant's then-counsel, the Chief Public Defender, indicated Appellant reviewed the presentence investigation report ("PSI"). N.T. Sentencing Hr'g, 9/9/08, at 3 (unpaginated). Appellant timely appealed.

Before addressing the merits of Appellant's claims, we examine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

Instantly, Appellant's judgment of sentence became final on September 26, 2008, as Appellant did not file any post-sentence motion or appeal. Appellant filed his PCRA petition on June 3, 2014.[2] Thus, this Court must discern whether the PCRA court erred by holding Appellant did not

---

[2] Appellant's proof of service is dated June 3, 2014; the court docketed Appellant's petition on July 9, 2014. *See generally Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

plead and prove one of the three timeliness exceptions. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Copenhefer*, 941 A.2d at 648.

In this case, Appellant has alleged that he is mentally ill and plea counsel was ineffective by not providing the PSI for his review. Appellant's PCRA Pet., 6/3/14, at 8; *accord* Appellant's Amended PCRA Pet., 8/15/14, at 1 (unpaginated). He claims counsel's ineffectiveness was unknown to him and could not have been discovered with due diligence. Appellant's PCRA Pet. at 8. The PSI, Appellant maintains, includes several false entries that resulted in an incorrect record score and, consequently, an improper sentence. *Id.* at 9-10. Appellant adds that a PSI is not a public record.

"[S]ubsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.' Rather, it simply requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007). "Due diligence requires that [the defendant] take . . . steps to protect his own interests." *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." *Bennett*, 930 A.2d at 1272.

Instantly, at the sentencing hearing, Appellant's then-counsel stated Appellant reviewed the PSI. N.T. Sentencing Hr'g at 3; *see also* PCRA Ct. Op. at 6. Appellant's counsel testified at the PCRA hearing that it was his

normal practice to provide a copy of the PSI to defendants for their review, ask whether they had any changes or questions, and discuss any changes with the sentencing judge. **See** PCRA Ct. Op. at 6. We fail to discern how the PSI was unknown to Appellant. **See Bennett**, 930 A.2d at 1270. Regardless, the record substantiates the PCRA court's findings of fact addressing Appellant's lack of due diligence in obtaining a copy of the PSI. **See** PCRA Ct. Op. at 10-11; **see also Carr**, 768 A.2d at 1168. Accordingly, we agree with the PCRA court's determination that Appellant did not properly invoke any one of the three timeliness exceptions. **See Copenhefer**, 941 A.2d at 648; **Fahy**, 737 A.2d at 223. Thus, the PCRA court lacked jurisdiction. **See Fahy**, 737 A.2d at 223. Having discerned no error of law, we affirm the order below. **See Wilson**, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015



## IN THE COURT OF COMMON PLEAS
## OF LEBANON COUNTY, PENNSYLVANIA

### CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : <br> : |
| | :    No. CP-38-CR-2274-2007 |
| v. | : <br> : |
| ANDREW BROWN | : |

### ORDER OF COURT

**AND NOW**, this 6th day of April, 2015, in accordance with our Opinion this same date, upon careful consideration of Defendant's pro se and counseled Petitions for Post Conviction Collateral Relief, the Commonwealth's Response thereto, the testimony and evidence elicited at the PCRA Hearing held on January 12, 2015, the post-hearing Briefs submitted by the parties, and the record of this case, we hereby deny the relief sought by Defendant and dismiss his Petitions for Post Conviction Collateral Relief.

Defendant is advised that he has the right to appeal from this dismissal and denial of relief to the Superior Court of Pennsylvania. An appeal must be filed in writing no later than thirty (30) days from the date of this Order. In the event that Defendant wishes to pursue such an appeal, Montgomery and Zimmerer is directed to continue its representation of Defendant throughout the appellate process.

### BY THE COURT:

_____, S.J.
Robert J. Eby

RJE/kw

pc:     District Attorney (Interoffice Mail)
        Montgomery and Zimmerer (Certified Mail at 60 S. Main St., Manheim, PA
        17545) + REGULAR MAIL    # 7001 2510 0003 2449 7856
        Andrew J. Brown (Certified Mail at SCI Houtzdale, HT 3140, P.O. Box 1000,
        Houtzdale, PA 16698) + REGULAR MAIL   # 7001 2510 0003 2449 7863
        Kathy G. Wingert, Esq.  IO

PURSUANT TO Pa R.Crim. P. 114
  All parties are hereby notified 114
  this date: 4/9/15
  Clerk of Courts, Lebanon, PA

IN THE COURT OF COMMON PLEAS
OF LEBANON COUNTY, PENNSYLVANIA

### CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| | : | No. CP-38-CR-2274-2007 |
| v. | : | |
| | : | |
| ANDREW BROWN | : | |

**APPEARANCES:**

Courtney Hair, Esq.                         For the Commonwealth

Erin Zimmerer, Esq.                         For the Defendant

### OPINION BY EBY, S.J., APRIL 6, 2015

Before the Court is a counseled, Amended Petition for Post Conviction Collateral Relief filed on behalf of the Defendant pursuant to 42 Pa.C.S.A. §9541 *et seq*. The Defendant argues he is entitled to post-conviction relief on the basis that he was deprived of effective assistance of counsel. Specifically, the Defendant alleges his plea counsel failed to review with him a Pre-Sentence Investigation Report containing an inaccurate prior record that ultimately resulted in the Defendant's being erroneously subjected to REVOC status at sentencing. After a thorough review of the testimony presented at a PCRA hearing held on January 12, 2015, the Briefs submitted by both parties, the complete record of the case, and the governing case law and statutory provisions, we disagree. We will deny the relief sought by Defendant and dismiss his Petition.

1

## I. Factual and Procedural History

On July 24, 2008, the Defendant entered an open plea of guilty to three counts of Criminal Attempt/Criminal Homicide, one count of burglary, four counts of Arson and Related Offenses, one count of Criminal Mischief, and one count of Recklessly Endangring Another Person. The charges stemmed from an incident during the early morning hours of October 21, 2006, when the Defendant broke into the home of Melissa Houck and set fire to the residence. Both Houck and her two young children were asleep inside the residence at the time. On August 27, 2008,[1] this Court sentenced the Defendant to an aggregate sentence of 20 to 40 years.[2] At both his plea and sentencing proceedings, the Defendant was represented by then Chief Public Defender Charles T. Jones.[3] The Defendant did not file any post-sentence motions or appeal from his judgment of sentence.

On July 9, 2014, the Defendant filed a pro se PCRA Petition, alleging that there were errors regarding his prior record included in the Pre-Sentence Investigation Report (hereinafter "PSI") provided to the Court at sentencing. The Defendant further alleged that, because these errors resulted in an artificially high prior record score and REVOC status, counsel was ineffective when he failed to allow the Defendant to review his PSI. On July 16, 2014, we appointed counsel for the Defendant and ordered counsel to file a

---

[1] The Defendant was sentenced by the Court on August 27, 2008. That sentence was filed on September 9, 2008. When an error was discovered in the Sentencing Order filed on September 9, 2008, the Court entered an Amended Sentencing Order, which was dated August 27, 2008 but filed September 16, 2008. The Notes of Testimony of Defendant's August 27, 2008 were inadvertently labeled September 9, 2008. To avoid confusion, this Opinion will refer to the Notes of Testimony of Defendant's Sentencing proceeding with the September 9, 2008 date listed on the cover page of the transcribed Notes.

[2] The Court structured the total sentence so that the 10-20 year sentence on the first count of Criminal Attempt/Criminal Homicide ran consecutively to the 10-20 year sentence on the first count of Arson and Related Offenses.

[3] Former Chief Public Defender Charles T. Jones is now the Hon. Charles T. Jones of the Lebanon County Court of Common Pleas.

2

Supplemental or Amended Petition on Defendant's behalf by August 15, 2014. Our Order of July 16, 2014 also issued a Rule upon the Commonwealth, returnable by September 14, 2014, as to why a hearing should not be held on Defendant's Petition. On August 15, 2014, Counsel for the Defendant filed an Amended Petition for Post Conviction Collateral Relief, and on August 18, 2014, the Commonwealth filed its response.

On September 11, 2014, this Court entered an Order pursuant to Pa.R.Crim.P. 907(1) indicating the Court's intention to dismiss the Defendant's Amended Petition without a hearing. Our Order indicated that the Defendant's original Petition, filed almost six years after his judgment of sentence became final, was well outside the one-year timeframe for a PCRA Petition. Moreover, while 42 Pa.C.S. §9545(b)(1) provides for specific exceptions to the timeliness requirements of the Post Conviction Collateral Relief Act and the Defendant in his original *pro se* Petition attempted to plead the §9545(b)(1)(ii) exception to timeliness,[4] we noted that the Defendant had failed to specifically assert what due diligence he had exercised to procure his PSI at an earlier date within the statutory time period for the filing of a timely PCRA. We afforded the Defendant twenty (20) days to file a response to our proposed dismissal sufficiently pleading the factual and legal bases upon which he was entitled to relief.

On September 24, 2014, the Defendant filed a Motion in Response to the Court's September 10, 2014 Order, alleging that he had used due diligence to obtain his PSI within the timeframe for filing a timely PCRA Petition but had been denied access to the information. Specifically, Defendant's Motion in Response asserts that plea and

---

[4] Defendant's pro se Petition asserts that he filed for PCRA relief within 60 days of discovering facts previously unknown to the petitioner, which were not readily discoverable since PSI's are not a matter of public record. The Amended Petition filed by appointed counsel on August 15, 2015 does not assert an exception to the timeliness requirements of the Act.

3

sentencing counsel abandoned the Defendant after sentencing and refused his request for documents. Defendant's Response also asserts that in November of 2013, he attempted to obtain a copy of the PSI from the Lebanon County Clerk of Courts but was denied. Thereafter, he unsuccessfully attempted to obtain the document from both the District Attorney's Office and Adult Probation.

By Order dated October 2, 2014, we scheduled the matter for a hearing on October 27, 2014, noting that the Defendant would appear by videoconference. At the start of the proceedings on October 27, 2014, the Defendant indicated a desire to appear in person rather than by videoconference and, as a result, at the Defendant's request, the Court continued the hearing until January 12, 2015.[5]

The Defendant appeared with appointed counsel on January 12, 2015 and testified regarding both his diligence pursuing access to the PSI within the statutory period for filing a PCRA and the underlying accuracy of the PSI, particularly its representation of his prior criminal record. On the due diligence issue, the Defendant testified that, while he was "shady" on dates, he requested all documents related to his case, including his PSI, from his counselor at SCI-Greene in April of 2009. (N.T. January 12, 2015 at 12-13) Although the counselor at SCI-Greene indicated that the Defendant was not permitted to have his PSI because it was confidential, the Defendant testified he later asked others for it, writing to the District Attorney's Office, Adult Probation, and Clerk of Courts. (N.T. January 12, 2015 at 13-14) The Defendant provided no documentation to support this

---

[5] During the time period between October 2, 2014 and January 12, 2015, the Defendant, though represented by appointed counsel, filed two additional pro se PCRA Petitions raising additional claims for relief. By Order dated December 15, 2014, this Court indicated that the Defendant was free to raise any additional issues at the hearing on January 12, 2015. At the start of the hearing, however, counsel indicated that the only issues Defendant wished the Court to resolve, either by hearing or by Opinion, were the timeliness of the Defendant's original pro se Petition and its underlying claim of ineffectiveness of counsel for the alleged failure to review a faulty PSI with the Defendant. (N.T. January 12, 2015 at 4-5)

4

testimony, nor did he indicate when these requests occurred, with the exception of a letter sent to Lebanon County Clerk of Courts on November 10, 2013. (N.T. January 12, 2015 at 20)

Upon prompting by counsel, the Defendant also testified that he requested the PSI from plea counsel in particular and from the Public Defender's Office in general, but received no response. (N.T. January 12, 2015 at 15-16) The Defendant provided no documentation to support this testimony, nor did he indicate when these requests were made. Eventually, at some point, the Defendant served Right to Know requests on both the District Attorney's Office and Adult Probation. Presumably as a result of the request made upon Adult Probation, the Defendant was ultimately provided with a copy of his PSI, as mailed to him on May 9, 2014 by Lebanon County Court Administration. (N.T. January 12, 2015 at 17-18)

The Defendant testified he had never seen his PSI prior to receiving a copy of it from Lebanon County Court Administration in May of 2014. (N.T. January 12, 2015 at 18) Upon review of that copy of the PSI, he found two erroneous or faulty convictions for Armed Robbery included in his prior record. (N.T. January 12, 2015 at 8-11) Believing that these erroneous convictions inaccurately inflated his prior record score and subjected him to REVOC status, the Defendant filed his pro se PCRA on July 9, 2014.

On both the issue of the due diligence exception and the underlying issue of ineffective assistance of counsel, the Commonwealth presented the testimony of Defendant's plea and sentencing counsel, Charles T. Jones, who, since January 4, 2010, has been a member of the bench of the Lebanon County Court of Common Pleas. Judge Jones testified that, when he served as Chief Public Defender and Defendant's counsel,

it was his consistent practice to arrive in the courtroom early so that he could provide his incarcerated clients with copies of their PSI reports to review as soon as the clients were brought into the courtroom. (N.T. January 12, 2015 at 36) After each defendant had an opportunity to review his or her PSI, Judge Jones testified it was his practice to ask whether the client had any changes to make or questions about the report. (N.T. January 12, 2015 at 37) After this consultation, Judge Jones would alert the sentencing judge to any changes and only then proceed to sentencing. (N.T. January 12, 2015 at 35)

Judge Jones testified that, while he could not remember the details of the Defendant's specific sentencing proceeding from 2008,[6] he had no reason to believe that he deviated from his general course of practice that day. (N.T. January 12, 2015 at 37) Additionally, Judge Jones testified that, in preparation for the PCRA hearing, he had reviewed the transcript from the Defendant's sentencing proceeding conducted in 2008 and noted that, during that proceeding, he indicated to the Court that he had indeed reviewed the PSI with the Defendant and did not suggest that any changes were necessary. (N.T. September 9, 2008 at 2; N.T. January 12, 2015 at 37-38) Judge Jones indicated that he would not have made such a representation to the Court had he not done so. (N.T. January 12, 2015 at 38) Moreover, the Defendant did not object to counsel's statement at the time of sentencing that Defendant had reviewed the PSI. (N.T. September 9, 2008 at 2)

Specifically on the issue of Defendant's due diligence in pursuing a copy of his PSI after sentencing, Judge Jones testified that, although he could not recall whether the Defendant sent him correspondence after sentencing, had he received a request from the

---

[6] The Defendant's Public Defender case file, along with other archived county files, were destroyed when a sewage pipe burst in the county's storage facility. (N.T. January 12, 2015 at 37)

6

Defendant for the PSI, he "would have copied [Defendant's] PSI and sent it to him wherever he was." (N.T. January 12, 2015 at 38) Judge Jones further testified that it was the normal practice for the Public Defender's Office to do so. (N.T. January 12, 2015 at 38)

At the conclusion of the PCRA hearing, the Court ordered the transcription of the Notes of Testimony and briefs from both parties. The Defendant filed his Brief on February 6, 2015, and the Commonwealth filed its Brief on February 13, 2015. The Commonwealth's Brief concedes that the Defendant's PSI utilized by the Court at sentencing included two erroneous or duplicate convictions for Armed Robbery. The Commonwealth argues, however, that these errors did not negatively impact the Defendant's prior record score, which, even when corrected to exclude the duplicate charges, still required REVOC status.

## II. Discussion

The Post-Conviction Relief Act provides an avenue for persons serving illegal sentences or that have been wrongfully convicted of a crime to obtain relief. 42 Pa.C.S.A. §9542. To be eligible for relief under the PCRA, a defendant must prove by a preponderance of the evidence that: (1) he has been convicted of a crime under the laws of the Commonwealth and is serving a sentence for that crime; (2) his conviction or sentence resulted from one of the errors listed in 43 Pa.C.S.A. §9543(a)(2); (3) the issue has not been previously litigated or waived; and (4) the failure to litigate the issue before or during trial or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S.A. §9543(a).

7

As agreed to by the Defendant and the Commonwealth at the PCRA Hearing on January 12, 2015, there are two potential issues for our review:

A. Has the Defendant successfully pleaded and proven an exception to the timeliness requirements of the Post Conviction Collateral Relief Act; and

B. If so, was trial counsel ineffective for allegedly failing to show the Defendant his erroneous PSI prior to sentencing?

A. Timeliness

The PCRA requires that a petition seeking post-conviction collateral relief must be filed within one year of the date that judgment becomes final. 42 Pa.C.S. §9545(b)(1). A judgment becomes final at the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S. §9545(b)(3). As noted above, the Defendant was sentenced by this Court on August 27, 2008.  From that date, the Defendant had 30 days to appeal his judgment of sentence.  Because he did not file an appeal, his judgment of sentence became final on September 26, 2008, and he had until September 26, 2009, to file for relief under the PCRA. Thus, the Defendant's *pro se* petition filed on July 9, 2014, was clearly filed well outside the permitted timeframe.

The PCRA enumerates three specific exceptions to that one-year timeframe. Those exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

8

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §9545(b)(1).

The Defendant asserts that the facts of his case fulfill the second of the enumerated exceptions. He argues that the erroneous convictions included in his PSI were not made known to him prior to his sentencing proceeding and that he could not, even through the exercise of due diligence, have known of their inclusion in his PSI or have obtained a copy of his PSI prior to the expiration of time for seeking relief under the PCRA.

Due diligence requires that a defendant take such steps as to protect his own interests. *Commonwealth v. Carr*, 2000 PA Super 54, 768 A.2d1164, 1168 (Pa. Super. 2001) We do not believe that the facts as alleged establish the exercise of due diligence on Defendant's part. First, even if we were to accept Defendant's assertion that his attorney did not show him his PSI the morning of his sentencing, the Defendant, who at the time of his sentencing was an experienced participant in the criminal justice system,

9

was present in court when his attorney represented to the Court: "[The Defendant] has reviewed the presentence investigation report." (N.T. September 9, 2008 at 2) At that point, it was incumbent upon the Defendant to protect his own interests and indicate he had in fact not reviewed the PSI. Later in those same proceedings, when given an opportunity to address the Court, the Defendant could have again indicated that he had not had the opportunity to review the PSI. The Defendant chose to address the Court but said nothing about the PSI. (N.T. September 9, 2008 at 5)

Second, although the Defendant suggests he diligently pursued the documents related to his case, including the PSI, within the timeframe required for the timely filing of a PCRA Petition, we do not believe the efforts testified to by the Defendant meet the standard of due diligence. The Defendant testified with reasonable detail and certainty as to only one effort to obtain the PSI prior to September 26, 2009: an unsuccessful request made to a prison counselor in April of 2009. While that effort falls within the one year timeframe of the PCRA, the Defendant, who admitted to being "shady" on dates, failed to testify to any other documented or date-certain requests for the PSI prior to September 26, 2009. The Defendant's first documented attempt to obtain the PSI after the unsuccessful April, 2009 request to a prison counselor occurred in November of 2013 in the form of a letter sent to the Lebanon County Clerk of Courts, more than four years after the deadline for the filing of a timely PCRA Petition. In other, ambiguous testimony, the Defendant asserted that he "just continued to keep asking people for ... all of the documents" but no one, other than the Clerk of Courts in 2013, wrote back. (N.T. January 12, 2015 at 13-14) We do not find these vague, unsubstantiated representations establish

10

due diligence within the necessary timeframe on the Defendant's part. Nor does a single request made to a prison counselor do so.

Third, particularly when weighed against the testimony of Judge Jones, we do not find credible the Defendant's testimony that he repeatedly wrote counsel in particular, the Public Defender's Office in general, the District Attorney's Office, and Clerk of Courts all within the necessary timeframe for a timely PCRA, yet all of these individuals and offices ignored his letters and sent no reply until the Clerk of Courts finally and inexplicably responded in November of 2013. Instead, we find credible Judge Jones's unequivocal testimony that, had the Defendant written him and requested the PSI, "I would have copied his PSI and sent it to him wherever he was." (N.T. January 12, 2015 at 38) We also find credible Judge Jones's testimony that it was the regular course of conduct in the Public Defender's Office to provide a copy of the PSI to a client if the Defendant asked for it.[7] (N.T. January 12, 2015 at 38)

Thus, as both a question of fact and a question of law, we find that the Defendant has failed to successfully plead and prove the 42 Pa.C.S.A. §9545(b)(1)(ii) exception to the timeliness requirements of the PCRA. Therefore, this Court is without jurisdiction to consider Defendant's claims for relief. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A. 2d 1157, 1161 (2003).

B. Ineffectiveness of counsel

---

[7] Judge Jones served in the Public Defender's Office until after the time elapsed for the Defendant to file a timely PCRA Petition and therefore would be aware of the standard office policy during the critical time period in question.

11

Even if we were to find that the Defendant had successfully pleaded and proven an exception to the timeliness requirements of the Act, we would still deny relief on the underlying issue of the Defendant's Petition: counsel's alleged ineffectiveness for failing to show the Defendant, prior to sentencing, a copy of his PSI which contained erroneous criminal history information. We begin our analysis with the principle that trial counsel will always be presumed effective, and the Defendant bears the burden of proving otherwise. *Commonwealth v. Lewis*, 708 A.2d 497, 500 (1988). To prevail on a claim of ineffective assistance of counsel, a defendant must show that: his claim was of arguable merit; there was no reasonable basis for counsel's conduct; and counsel's conduct prejudiced the client. *Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005). If a defendant fails to meet any of the prongs of the test, he is not entitled to relief. *Commonwealth v. Natividad*, 595 Pa. 188, 938 A.2d 310 (2007). If a defendant fails to demonstrate that the underlying claim is of arguable merit, the ineffectiveness claim may be dismissed on that ground alone, and it is not necessary to consider the other two factors. *Commonwealth v. DiNicola*, 751 A.2d 197, 198 (Pa. Super. 2000).

If a defendant's underlying claim is of arguable merit, then we must examine the action chosen by trial counsel in order to ascertain if that action was designed to effectuate the defendant's interest. *DiNicola*, 751 A.2d at 198. Worded differently, counsel whose effectiveness is being challenged must have a reasonable basis for his or her actions or failure to act. The fact that trial counsel's strategy may not ultimately have led to an acquittal does not render the strategy legally deficient. *Commonwealth v. Spotz*, 587 Pa. 1, 896 A.2d 1191 (2006). The Defendant must then establish that but for

12

counsel's deficient performance, the result of his trial would likely have been different. *DiNicola*, 751 A.2d at 198.

The Defendant cannot meet his burden of proof on this issue for several reasons. First, as noted previously, we do not find credible the Defendant's claim that his attorney did not show him the PSI prior to sentencing. Not only did the Defendant, at the time of sentencing, fail to react to counsel's representation that the Defendant had indeed reviewed the PSI; the testimony of Judge Jones also credibly and persuasively establishes, to this Court's satisfaction, that the Defendant was indeed shown his PSI prior to sentencing. We find persuasive Judge Jones's detailing of his regular, consistent practice for sentencing proceedings and consider particularly significant the sentencing day representation to this Court by Judge Jones, then an attorney/officer of the Court, that his client had in fact reviewed the PSI. We find, then, that the Defendant's claim lacks arguable merit. Although we accept the concession of the Commonwealth that the PSI did indeed contain errors,[8] we do not find credible, for the reasons detailed above, the Defendant's allegation that counsel failed to show him the report prior to sentencing. Counsel cannot be ineffective for failing to show a document to the Defendant that he did in fact show to the Defendant.

Second, the Defendant has not established that, had the erroneous entries in his criminal history been removed from his PSI, his prior record score and ultimate sentence would have been different. Although the Defendant correctly argues that his prior record

---

[8] The Commonwealth's Brief states: "Based on the Defendant's prior record, it is the Commonwealth's believe (sic) that the California Armed Robbery dated November 22, 1990, and the California PC Robbery (F) dated January 15, 19991, are the same offense. . . .Second, the USM Portland, OR, Bank Robbery dated May 4, 1995, and the Florence, Colorado, Armed Bank Robbery dated May 4, 1995, are also the same offense. According to Defendant's prior record, Defendant was incarcerated in a Florence, Colorado facility after entering a guilty plea to the Oregon offense." Commonwealth's Brief in Opposition at 10.

13

included inaccurate entries, those inaccuracies did not inflate Defendant's standard sentencing ranges or change his status to REVOC. Defendant's own testimony at the hearing established that he committed two previous robberies involving firearms, one in California and one in Portland, Oregon. (N.T. January 12, 2015 at 10 and 11)

In applying the Sentencing Guidelines, "[o]ffenders who have two or more previous convictions or adjudications for four point offenses (§303.7(a)(1) and §303.15) and whose current conviction carries an Offense Gravity Score of 9 or higher shall be classified in the Repeat Violent Offender Category." Sentencing Guidelines Manual §303.4(1)(a). Four point offenses include all completed crimes of violence as defined in 42 Pa.C.S. §9714(g). Sentencing Guidelines Manual §303.4(1)(a). The crimes of violence enumerated by 42 Pa.C.S. §9714(g) include Robbery where there is an infliction of serious bodily injury, a threat of serious bodily injury, or a commission or threat to commit any felony of the first or second degree. 42 Pa.C.S. §9714(g); 18 Pa.C.S. §3701(a)(i)-(iii).

At his PCRA hearing on January 12, 2015, the Defendant admitted to convictions for two robberies that involved firearms. These robberies are therefore within the crime of violence categorization as specified by §303.4(1)(a) of the Guidelines Manual and §9714(g) of Title 42. Since the Defendant's Criminal Attempt/Criminal Homicide charges carried an offense gravity score of 13, Defendant clearly fell within the REVOC classification, even with the two duplicate robberies removed from consideration. As such, Defendant's aggregate sentence of 20 to 40 years clearly fell within the correct standard range for his offenses. Indeed, the Court could have easily disregarded the District Attorney's recommendation for an aggregate sentence of 20 to 40 years and legally and justifiably imposed consecutive sentences for each of the three victims on both the Arson

14

and the Criminal Attempt/Criminal Homicide charges for a sentence much higher than the 20-40 year aggregate sentence ultimately imposed upon the Defendant. Therefore, the Defendant has failed to establish that, but for his counsel's allegedly deficient performance, the outcome of his sentencing proceeding would have been different.

For the foregoing reasons, even if we were to find that the Defendant had successfully established an exception to the timeliness requirements of the PCRA, we would find that he was not entitled to relief on the claim of ineffectiveness of counsel raised by his Petitions. Accordingly, we will enter an Order denying relief and dismissing all Petitions filed on behalf of the Defendant currently pending before this Court.

15